UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Emily Claire Hari, f/k/a Michael Hari,     Case No. 20-cv-1455 (ECT/TNL)

      Plaintiff,

v.     **ORDER**

Joel Smith, et al.,

      Defendants.

---

Emily Claire Hari, f/k/a Michael Hari, Livingston County Jail, 844 West Lincoln, Pontiac, IL 61764 (pro se Plaintiff);

Liles Harvey Repp, Assistant United States Attorney, United States Attorney's Office for the District of Minnesota, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Defendants Joel Smith, Ryan Westby, Barbara Robbins, Scott Hull, Brenda Kane, Nikki Carroll,[1] Nathaniel D. Gena, Katherine Arden, Matthew Aken, and Thomas Huse);

Robert I. Yount, Anoka County Attorney's Office, 2100 Third Avenue, Suite 720, Anoka, MN 55303 (for Defendants James Stuart, Sheila Larson, and Jesse Rasmussen);

Lindsey Schmidt and Michael M. Krauss, Greenberg Traurig, LLP, 90 South Seventh Street, Suite 3500, Minneapolis, MN 55402 (for Defendant Officer Visel); and

Aaron Mark Bostrom, Jason M. Hiveley, and Stephanie A. Angolkar, Iverson Reuvers, 9321 Ensign Avenue South, Bloomington, MN 55438 (for Defendants Sheriff Joel Brott, Zach Beaumaster, Rachel Clem, Officer Thiel, and Michael Sieg).

---

      This matter is before the Court, Magistrate Judge Tony N. Leung, on a number of motions: Plaintiff's Motion for Protective Order (ECF No. 88); Defendant Beth Visel's

---

[1] Hari refers to this Defendant as Carroll Nikki throughout her amended complaint. Federal Defendants have clarified that this Defendants' name is Nikki Carroll, not Carroll Nikki. (ECF No. 92 at 5 n.3.)

1

Motion to Stay Discovery (ECF No. 121); Federal Defendants' Motion to Stay Discovery (ECF No. 129); Plaintiff's Motion to Compel Production of Video (ECF No. 153); Plaintiff's Motion to Compel Production of Documents (ECF No. 161); and Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories (ECF No. 175). For the reasons set forth below, the Court grants in part and denies in part Hari's motion for a protective order; grants Visel and Federal Defendants' motions to stay discovery; grants in part and denies in part Hari's motion to compel production of video; denies Hari's motion to compel production of documents; and denies Hari's motion to compel production of documents and answers to interrogatories.

## I.  BACKGROUND

In March of 2018, Plaintiff, then known as Michael Hari, was arrested in the State of Illinois. *See Hari v. Stuart*, No. 19-cv-1330 (ECT/TNL), 2020 WL 7249816, at *2 (D. Minn. Aug. 21, 2020), *report and recommendation accepted*, 2020 WL 6391305 (D. Minn. Nov. 2, 2020). She was indicted and later convicted in this district on several charges related to the bombing of the Islamic Center and Mosque in Bloomington, Minnesota. (*See United States v. Hari, et al.*, 18-cr-150 (DWF/HB) (D. Minn.), ECF Nos. 1, 14, 324, 504.) She also faces charges in Illinois that relate to the unlawful possession of a machinegun, attempted arson, interference with commerce by threats and violence, and unlawful possession of a firearm for her alleged involvement in the White Rabbits militia. (*See United States v. Hari*, No. 18-cr-20014 (C.D. Ill.), ECF Nos. 32, 39, 94.)

Hari filed suit, her third in this district related to her pretrial detention, in the above-captioned matter on June 24, 2020. (ECF No. 1.) She filed an amended complaint as a

matter of course on March 16, 2021. (Am. Compl., ECF No. 47.) In this amended complaint, Hari alleges that Defendants, a group of 20-plus law enforcement and corrections officials, engaged in a conspiracy to violate her rights under the First, Fourth, and Sixth Amendments, and that seven of the Federal Defendants[2] and Defendant Visel violated federal and state wiretapping laws. (*See generally* Am. Compl.) This was allegedly accomplished through the collection and review of recordings of her privileged telephone calls; interference with and reading of her privileged legal mail and legal materials; and monitoring and viewing of her discovery and attorney correspondence on a computer she used while housed in the Sherburne County Jail.[3] (*Id.*)

Shortly after the filing of her amended complaint, all Defendants moved for dismissal for various reasons. (ECF Nos. 59, 65, 90, 99.) Hari also filed a "motion" to dismiss the claims against the Anoka County Defendants,[4] which the Court construed as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1). (R. & R. at 17-19.) The Court has issued a report and recommendation on those motions to dismiss, as well as Hari's motion for leave to amend the operative complaint.[5]

---

[2] Federal Defendants are Ryan Westby, Barbara Robbins, Scott Hull, Brenda Kane, Nikki Carroll, Nathaniel D. Gena, Katherine Arden, Matthew Aken, and Thomas Huse.
[3] The Court has discussed at length the allegations Hari makes against Defendants in its recent report and recommendation. (R. & R. at 5-15, ECF No. 194.)
[4] Anoka County Defendants are Defendants Joel Smith, James Stuart, Sheila Larson, and Jesse Rasmussen.
[5] Recently, Hari has also filed a "Supplemental Motion to File Amended Complaint." (ECF No. 195.) This motion does not comply with Local Rule 15.1, which requires that any motion to amend include a copy of the proposed amended pleading *and* "a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading." D. Minn. LR 15.1(b). Hari has explained that she intends to file something which would comport with the local rules at a later date "under separate cover." (ECF No. 195 at 2.) For now, however, the motion is improperly filed, and the Court does not consider its contents as it rules on these discovery motions.

## II.  ANALYSIS

### A.  Motion for Protective Order

Hari moves for a protective order on the basis that discovery in this matter will include "confidential, private, or privileged material." (ECF No. 88 at 1.) She attaches a proposed protective order to her motion. (ECF No. 89.) This proposed protective order makes a number of modifications to the standard protective order used in this district. (*Id.*)

Sherburne County Defendants[6] and Visel oppose Hari's motion, arguing that if any protective order should issue, it should be the standard protective order often used within this district.[7] (ECF No. 106 at 1-2; ECF No. 109 at 1.) Federal Defendants agree with Sherburne County Defendants and Visel that Hari's proposed modifications to the district's standard protective order are unwarranted; however, Federal Defendants also argue that provisions should be added to any protective order to "account for the statues [sic] and regulations governing disclosure of records of the Federal Bureau of Investigation." (ECF No. 112 at 1.) They propose a protective order which would incorporate provisions that provide for the protection of FBI records, which they believe may be disclosed in this case. (*Id.* at 1-3; *see also* ECF No. 112-1 (Federal Defendants' proposed "Privacy Act Order and Protective Order").) Federal Defendants have circulated the proposed protective order to the other Defendants, and none object to the Privacy Act Order and Protective Order which they propose. (ECF No. 112 at 3.)

This Court may issue a protective order upon a showing of good cause. Fed. R. Civ.

---

[6] Sherburne County Defendants are Defendants Sheriff Joel Brott, Zach Beaumaster, Rachel Clem, Officer Thiel, and Michael Sieg.
[7] Anoka County Defendants also oppose the motion. (ECF No. 107 at 1.)

4

P. 26(c).  "A protective order . . . is designed to assist in the pretrial discovery process—a process that might yield information that is 'unrelated, or only tangentially related, to the underlying cause of action.'"  *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 960 F. Supp. 2d 1011, 1013 (D. Minn. 2013) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)).  Further, "[t]he unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."  *Seattle Times Co.*, 467 U.S. at 36.

The Court finds that Hari has shown good cause for the entry of a protective order.  The Court concludes, however, that the proposed Privacy Act Order and Protective Order, with some Court modifications, will best "facilitate the discovery of confidential information in this matter."  *LeMond v. Stinchfield*, No. 17-cv-2071 (JRT/TNL), 2017 WL 11570570, at *2 (D. Minn. Dec. 13, 2017) (citing Fed. R. Civ. P. 26(c)).  It therefore will grant her motion in part to the extent she requests a protective order and deny it in part to the extent she requests the issuance of her proposed order.  A protective order largely aligning to the Federal Defendants' proposal shall issue by way of separate order.

The protective order, however, will not grant any party the unilateral authority to make final decisions as to a document's confidentiality.  *Id.* (citing *Wells v. Lamplight Farms Inc.*, 298 F.R.D. 428, 435 (N.D. Iowa 2014)).  The parties shall look to the protective order for guidance on which documents may be given an initial designation of "confidential" or "protected information" and the procedures through which a party may challenge a confidentiality designation.  The parties shall also look to Local Rule 5.6, which

sets forth additional procedures they are required to follow when filing documents under seal in civil cases.

### B. Motions to Stay

Defendant Visel and Federal Defendants have both moved to stay discovery as to their respective parties until their motions to dismiss are resolved. (ECF No. 121 at 1; ECF No. 129 at 1.) Hari opposes each motion. (ECF No. 136; ECF No. 141.)

In her opposition to Visel's motion, Hari first argues that Visel filed her motion to stay without adhering to Local Rule 7.1(a), which requires that a moving party file a meet-and-confer statement along with its motion. (ECF No. 136 at 2.) She asks the Court to deny Visel's motion on the basis that she has not filed a meet-and-confer statement with her motion. (*Id.*) The Court declines to do so but reminds all parties that they must follow the district's local rules.

Looking to the merits, the Court agrees with Visel and Federal Defendants that a stay of discovery is appropriate as to these parties. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Armstrong v. Mille Lacs Cty. Sherriff's Dept.*, 112 F. Supp. 2d 840, 843 (D. Minn. 2000) ("As a Federal District Court, we have the inherent power to stay the proceedings of an action, so as to control our docket, to conserve judicial resources, and to provide for the just determination of the cases which pend before us.") (citations omitted); Fed. R. Civ. P. 26(c). "In determining whether to grant a motion to stay discovery pending

6

the outcome of a dispositive motion, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and judicial economy." *United States ex rel. Donegan v. Anesthesia Assocs. of Kansas City, PC*, No. 4:12-CV-0876-DGK, 2014 WL 12618074, at *1 (W.D. Mo. Jan. 7, 2014); *see also TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, No. 13-cv-1356 (ADM/FLN), 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013). "Generally, the determination is practical, and largely left to the district court's discretion. Where a complaint is clearly without merit, or where a motion to dismiss otherwise seems likely to resolve the entire litigation, a stay of discovery may be appropriate." *TE Connectivity Networks, Inc.*, 2013 WL 4487505, at *2.

Considering these factors, the Court finds a stay appropriate pending resolution of these parties' motions to dismiss. While not dispositive of Hari's claims, this Court has recommended that the claims against Visel and Federal Defendants be dismissed. (R. & R. at 73.) The burden and expense of engaging in wide-ranging fact discovery prior to the disposition of these motions, coupled with judicial economy and the Court's view of the merits of these Defendants' motions to dismiss, outweigh any theoretical harm to Hari in delaying this discovery. *See Benford v. Grisham*, No. 1:18 CV 5 JMB, 2019 WL 1359255, at *1 (E.D. Mo. Mar. 26, 2019) (staying discovery in Section 1983 case pending ruling on a motion for summary judgment). In fact, Hari has not stated what harm, if any, she would experience by delaying fact discovery until after the disposition of the motions to dismiss.

(*See* ECF Nos. 136, 141.) The Court finds that a stay of discovery is appropriate and will grant Visel and Federal Defendants' motions. Discovery shall be stayed as to these Defendants pending disposition of their motions to dismiss.

### C. Motions to Compel

Hari has filed a number of motions to compel. Pursuant to Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*; *see also Heilman v. Waldron*, 287 F.R.D. 467, 473 (D. Minn. 2012) ("Relevance is construed broadly at the discovery stage."). To determine whether the discovery requested is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Even when the discovery is relevant, it "is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quotation omitted).

### 1. Motion to Compel Video

In this motion, Hari requests Sherburne County Defendants produce a video of

Defendant Rachel Clem, a corrections officer at the Sherburne County Jail, allegedly taking legal mail from Hari without sealing it in her presence. (ECF No. 153 at 2.) Throughout discovery,[8] Sherburne County Defendants have amended their reasoning for not producing this video. (*See* Mem. in Opp'n, ECF No. 156 at 3-5; Exs. 1-3 of Bostrom Decl., ECF Nos. 158-1, 158-2, 158-3.) In summary, since locating the video (after stating it was not retained or preserved), Sherburne County Defendants have objected to its production or showing on the basis that its viewing would threaten the jail's safety and security, particularly in light of Hari's prior attempted escape from the custody of the US Marshals and alleged criminal history. (ECF No. 156 at 6-10.) The jail's commander has outlined specific security concerns, namely that the video shows footage from multiple cameras, including those in staff-only areas, as well as blind spots and exits. (*See* Carr Decl. ¶¶ 2-7.) Sherburne County Defendants further argue that Hari has a propensity to influence others and thus could abuse her knowledge of the video by sharing it with others, and that the video is protected "security information" under the Minnesota Government Data Practices Act ("MGDPA"). (ECF No. 156 at 8-10.) They argue that a written summary of the video they produced in response to Hari's interrogatories sufficiently responds to Hari's request. (*See id.* at 10.)

As an initial matter, Hari argues that Sherburne County Defendants did not timely object to her discovery requests within 30 days, and therefore any objection they make

---

[8] It would appear, from exhibits filed in connection with this motion and others, that Sherburne County Defendants are engaging in fact discovery with Hari notwithstanding their pending motion to dismiss Hari's complaint. (*See, e.g.*, ECF Nos. 158-2, 158-3, 158-4, 173-3, 173-8.) Sherburne County Defendants have not requested a stay of discovery pending disposition of their dispositive motion.

should be waived. (ECF No. 153 at 5.) Accounting for mailing from the jail, however, Sherburne County Defendants timely and properly responded to Hari's request for production in accordance with the Rules of Civil Procedure. (*See id.* at 2 (stating Sherburne County Defendants were served with the document request on February 27, 2021); Ex. A to Bostrom Decl. at 8 (dating response as April 5, 2021).) Defendants properly supplemented disclosure according to the rules.[9] *See* Fed. R. Civ. P. 26(e)(1).

The Court will, however, grant Hari's motion in part to allow her to view the video. The video is undoubtedly relevant to Hari's claims that Sherburne County Jail staff improperly handled her legal mail. Sherburne County Defendants' arguments regarding jail security are well taken—circumstances, however, have changed. Since the filing of this motion, Hari has been convicted on the charges she faced in this district and sentenced to a lengthy prison term. (*See United States v. Hari*, No. 18-cr-150, ECF No. 504.) She has also been transferred out of the Sherburne County Jail and is currently housed in the Livingston County Jail in Pontiac, Illinois, awaiting trial on her case in the Central District of Illinois. (*See* ECF No. 192.) That Hari will return to the Sherburne County Jail at some unknown date and exploit her knowledge of the cameras' locations or will share information with other inmates (whom she is no longer housed with) are the type of "vague and attenuated" security concerns that cannot outweigh the video's relevance. *See Thomas v. Reese*, No. 13-cv-597-wmc, 2016 WL 1029562, at *2-3 (W.D. Wisc. Mar. 15, 2016).

---

[9] Hari makes similar arguments in conjunction with some of her other motions. (*See* ECF No. 136 at 5 (arguing Visel did not respond to her interrogatories within 30 days); ECF No. 141 at 2-3 (arguing Federal Defendants did not object to discovery requests within 30 days); ECF No. 175 at 2 (same).) These arguments are without merit and the Court does not consider them further.

Nor may Sherburne County Defendants use the MGDPA "as a basis to frustrate the discovery process in a lawsuit filed in federal court." *R.S. by and through S.S. v. Minnewaska Area Sch. Dist. No. 2149*, No. 12-cv-588 (MJD/LIB), 2013 WL 12149246, at *6 (D. Minn. Mar 20, 2013); see also *Scheffler v. Molin*, No. 11-cv-3279 (JNE/JJK), 2012 WL 3292894, at *4 (D. Minn. Aug. 10, 2012) (finding the MGDPA does not "trump the Federal Rules of Civil Procedure, which define what information is discoverable in a federal lawsuit . . . it is improper . . . to withhold information from proper discovery in a federal lawsuit purely on grounds that it is protected under the MGDPA."); *Her v. Paulos*, No. 11-cv-808 (PAM/TNL), 2012 WL 6634777, at *5 (D. Minn. Dec. 20, 2012) (stating "[i]t is axiomatic that discovery in federal court is governed not by state rules or statutes, but by the Federal Rules of Civil Procedure" and finding that a party "may not refuse discovery requests" otherwise permissible under Rule 26 "on grounds that the MGDPA prevents [their] disclosure."). The video is relevant, proportional evidence, and Hari should be permitted to view its contents subject to the terms and conditions set forth herein.

Due to valid security concerns, Hari shall be permitted only to view the video at a reasonable time and location in the presence or under observation of either a person approved by the facility in which Hari is detained or an attorney who is both licensed to practice law in the state of her incarceration and has been retained by Hari. Hari shall not be permitted to copy or reproduce the video. Hari shall not communicate to anyone in any way the location of staff-only areas, blind spots or exits at the Sherburne County Jail, except to duly licensed attorney(s) that she has retained. Therefore, the Court will order Sherburne County Defendants to arrange with Hari, in conjunction with the Livingston

11

County Jail and/or any attorney representing Hari in her criminal case or other matters, her viewing of the video.

### 2. Motion to Compel Production of Documents

In this motion, Hari moves for the disclosure of certain computer logs and access logs to the pro se computer she used while housed in the Sherburne County Jail. (ECF No. 161 at 1-3.) She cites to certain logs another inmate, "Mr. Reese," received in connection with a separate access-to-courts lawsuit. (*Id.* at 3; *see also* ECF No. 163 at 2-13 (example logs).)

On numerous occasions, Sherburne County Defendants have informed Hari that similar logs for her computer access do not exist. (*See* Mem. in Opp'n, ECF No. 171 at 2-3; Exs. 2, 4, 5, 6, 8 to Bostrom Decl., ECF Nos. 173-2, 173-4, 173-5, 173-6, 173-8; *see also* Frank Decl., ECF No. 172.) According to the Sherburne County Jail Administrator, Brian Frank, logs were created specifically for Dontay Reese because he had a history of taking flash drives, and in one instance swallowed one. (ECF No. 172 ¶ 4.) Specifically, logs were created to monitor Reese's computer usage to address these issues, and jail staff would manually enter logs of when Reese used the computer. (*Id.* ¶¶ 5-6.) No manual log was created for Hari or other inmates, and logs are not automatically generated. (*Id.* ¶ 7; *see id.* ("[Logs for Hari] do not exist."); *see also, e.g.*, Ex. 2 to Bostrom Decl. (explaining that the pro se computer never touches a network, resets after a reboot to protect inmate data that may have been saved on the hard drive, and does not record users' normal activity on a computer); Ex. 5 to Bostrom Decl. (explaining the log for Reese "was manually created to address issues specific to him" and "[t]here are no inmate log reports

12

documenting [Hari's] use of the pro se computer.").) These unique circumstances involving Reese's computer usage at the Sherburne County Jail are corroborated by the record in his civil lawsuit in this district. *See Reese v. Sherburne Cty. Det. Ctr.*, No. 19-cv-1975 (ECT/KMM), 2021 WL 4896996, at *3 (D. Minn. Sept. 14, 2021) (detailing that Reese's computer access was restricted at the jail on two occasions, once when he swallowed a flash drive which was later retrieved from his rectum at the hospital, and once when he hid a flash drive), *report and recommendation accepted*, 2021 WL 4895274 (D. Minn. Oct. 20, 2021).

Beyond the manual logs for Reese, which have been explained at length by Sherburne County Defendants, Hari has not sufficiently supported her argument that logs of her computer usage exist. The Court will not order these Defendants to produce something which does not exist. *See List v. Carwell*, No. 18-cv-2253 (DSD/TNL), 2020 WL 5988514, at *6 (D. Minn. Oct. 9, 2020) ("A party cannot be compelled to produce what it does not have.") (citing *Edeh v. Equifax Inf. Servs., LLC*, 291 F.R.D. 330, 337 (D. Minn. 2013)) (additional citations omitted). Thus, the Court will deny this motion.

### 3. Motion to Compel Responses

Finally, Hari moves to compel Federal Defendants to produce documents and answer interrogatories. (ECF No. 175 at 1-2.) In light of the Court's decision to stay discovery as it relates to those Defendants, the Court will deny this motion.

### III. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Protective Order (ECF No. 88) is **GRANTED IN PART** and **DENIED IN PART** as outlined herein. A protective order shall issue.

2. Defendant Beth Visel's Motion to Stay Discovery (ECF No. 121) is **GRANTED**.

3. Federal Defendants' Motion to Stay Discovery (ECF No. 129) is **GRANTED**.

4. Plaintiff's Motion to Compel Production of Video (ECF No. 153) is **GRANTED IN PART** and **DENIED IN PART** as outlined herein. Within 30 days of the date of this Order, Sherburne County Defendants shall arrange with the appropriate parties Hari's viewing of the video.

5. Plaintiff's Motion to Compel Production of Documents (ECF No. 161) is **DENIED**.

6. Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories (ECF No. 175) is **DENIED**.

7. All prior consistent orders remain in full force and effect.

8. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: February  4 , 2022

        *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Hari v. Smith, et al.*
Case No. 20-cv-1455 (ECT/TNL)