## UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

Emily Claire Hari, f/k/a Michael Hari,

    Plaintiff,

v.

Joel Smith, et al.,

    Defendants.

Case No. 20-cv-1455

**PRIVACY ACT ORDER AND
PROTECTIVE ORDER**

---

Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), and assuring the confidentiality of information that may be disclosed by the parties or by any non-party agencies, departments, or offices of the United States of America (the "Government") in the course of discovery proceedings.  The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, **HEREBY ORDERS:**

1.    Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the Government to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision

regarding disclosure.  To the extent the Privacy Act allows the disclosure of information

pursuant to a court order, this Order constitutes such a court order and authorizes the

disclosure of that information.  However, nothing in this paragraph shall require

production of information that is prohibited from disclosure (even with the entry of this

Order) by other applicable privileges, statutes, regulations, or authorities.  The terms of

this Order shall govern the safeguarding of such information by all individuals referenced

herein.

2.      As used in this Order, the term "Protected Information" constitutes any and

all documents or records, and information contained therein, that contain any

confidential, proprietary, personal, or similar information, including, but not limited to,

law enforcement sensitive information, data that may be classified as confidential,

private, or nonpublic under the Minnesota Government Data Practices Act (Minn. Stat. §

13.01, *et seq.*), and information protected from disclosure by the Privacy Act.

3.      Information that the parties or the Government deem Protected Information

shall be designated as such by stamping the phrase "Subject to Protective Order" on any

document or record containing Protected Information prior to the production of such

document or record.

4.      Any party who contests the designation of a document or record as

Protected Information shall provide the producing party written notice of its challenge.  If

the parties and/or the Government cannot resolve this dispute, they shall follow the

Federal Rules of Civil Procedure, the Local Civil Rules for the United States District

Court for the District of Minnesota, the individual practices of the Court, and/or any court

orders for addressing discovery disputes.  Failure to challenge a designation immediately

does not waive a party's ability to bring a later challenge.

5.      Except as provided in this Order, all Protected Information produced or

exchanged pursuant to this Order shall be used solely for the purposes of this action and

for no other purpose whatsoever, and shall not be published to the general public in any

form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or

organization, except in accordance with the terms of this Order.

6.      Any document or record designated as Protected Information may be

disclosed only to the following Qualified Persons:

i.      Any Defendant, attorneys for any Defendant, and any support staff

or other employees of any Defendant or attorneys of record of any Defendant who are

assisting in the defense of this action;

ii.      Plaintiff, attorneys for Plaintiff, and any support staff or other

employees of Plaintiff or attorneys of record of Plaintiff who are assisting in the

maintenance of this action;

iii.      Witnesses who are deposed in this action, to the extent the

witnesses' testimony may relate to documents designated as Protected Information;

iv.      Experts or consultants retained for this action by counsel to a party,

and any support staff or other employees for such experts or consultants who are assisting

in the expert's work for this action;

v.        Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony; and

vi.        Such other persons as hereafter may be authorized by the Court upon motion of any party.

7.        A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel.  The provisions of this Order shall be binding upon each such person to whom disclosure is made.

8.        All Qualified Persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

9.        Any deposition questions intended to elicit testimony regarding Protected Information shall be conducted only in the presence of persons authorized to review the Protected Information.  Any deposition transcripts containing such questions and testimony shall be automatically subject, in their entirety, to the same protections and precautions as the Protected Information.

10.        If any party seeks to publicly file with the Court any Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information, that party shall provide the producing person no less than ten days' advance written notice of its intent to file such material.  The producing party may then make an

application to the Court requesting that the material be filed and kept under seal.  Any

such application shall be accompanied by a declaration attesting that the standards for

sealing have been satisfied.  If such an application is made, the papers in question shall

not be filed until the Court renders a decision on that application.  The parties will use

their best efforts to minimize the need to file documents under seal. **This Order does not**

**authorize the filing of any document under seal.  The sealing of entire pleadings,**

**memoranda of law, exhibits, and the like is strongly discouraged.  No document**

**shall be filed under seal unless such document or information therein is genuinely**

**confidential and/or there are compelling reasons to do so.  Any party seeking to file**

**a document under seal shall specifically review each document and the information**

**therein to limit sealing only to the extent necessary.  A confidential document may**

**be filed only in accordance with Local Rule 5.6.  Any joint motion made pursuant to**

**Local Rule 5.6 before United States Magistrate Judge Tony N. Leung shall conform**

**to Exhibit A attached hereto.  Counsel shall provide the Court with two courtesy**

**copies of the unredacted documents with the redacted information highlighted in**

**yellow.**

       11.     Nothing in this Order shall preclude any disclosure of Protected

Information to any judge, magistrate, or employee of the Court for purposes of this

action.

       12.     Nothing contained in this Order shall be construed to prejudice any party's

right to use in open court any Protected Information, provided that reasonable notice of

the potential disclosure of the Protected Information shall be given to the producing party

so that the producing party may move to seal the document, or otherwise seek to prevent

the disclosure or dissemination of the Protected Information, in advance of its use in open

court.

13.     If counsel for any party is required by law or court order to disclose,

disseminate, or transmit Protected Information produced under this Order to any person

or entity not identified herein as a Qualified Person, the name of that person or entity and

the reason access is required shall be provided to the producing party no less than 14 days

prior to disclosure, dissemination, or transmittal so as to provide the producing party

sufficient time to object and seek a protective order as necessary.  There shall be no

disclosure after an objection has been made until the objection has been resolved unless

disclosure, dissemination, or transmission is required sooner by law or court order.  If

Protected Information produced under this Order is required by law or court order to be

disclosed to a person or entity not identified herein as a Qualified Person, the person or

entity receiving the Protected Information shall, before receiving the Protected

Information, be provided with a copy of this Order and shall acknowledge their

agreement to comply with this Order by signing a copy of the attached acknowledgement

form.  A copy of each such acknowledgement form must be provided promptly after its

execution to counsel of record for the producing party.

14.     Within thirty days after the final disposition of this action, including any

and all appeals, all Protected Information and copies thereof in the possession of any

Qualified Persons shall be returned to the producing parties or destroyed.  If the Protected

Information is destroyed, the party that has destroyed the Protected Information shall

certify in writing to the producing party that the Protected Information in its possession

has been destroyed.

15.     If a party or the Government inadvertently fails to designate material as

Protected Information at the time of production, this shall not in itself be deemed a

waiver of any claim of confidentiality as to that Protected Information.  The producing

party may correct its failure to designate an item as Protected Information by taking

reasonable steps to notify all receiving persons of its failure, and by promptly supplying

all receiving persons with new copies of any documents bearing corrected designations.

Within five business days of receiving copies of any documents bearing corrected

designations pursuant to this paragraph, the receiving persons shall return or destroy the

improperly designated materials, and certify in writing to the producing party that such

materials have been returned or destroyed.

16.     This Order does not constitute any ruling on the question of whether any

particular document or category of information is properly discoverable, and does not

constitute any ruling on any potential objection to the discoverability, relevance, or

admissibility of any document or information.

17.     Nothing in this Order shall be construed as a waiver of any defense, right,

objection, or claim by any party or the Government, including any objection to the

production of documents and any claim of privilege or other protection from disclosure.

18.     Nothing in this Order shall affect the right of any party or the Government

to seek additional protection against the disclosure of any documents or materials, or of

the parties to seek additional disclosures.

19.     Nothing in this Order shall prevent the disclosure of Protected Information to Government authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

20.     Nothing in this Order shall prevent any disclosure of Protected Information by the party or entity that designated the information as such.

21.     The terms of this Order shall survive the termination of this action for purposes of enforcing this Order.

22.     **All prior consistent orders remain in full force and effect.**

23.     **Failure to comply with any provision of this protective order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.**

Date: February _4_, 2022                                    _____*s/Tony N. Leung*_____
                                                           Tony N. Leung
                                                           United States Magistrate Judge
                                                           District of Minnesota


                                                           *Hari v. Smith, et al.*
                                                           Case No. 20-cv-1455 (ECT/TNL)

8

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-cv-01455-ECT-TNL


MICHAEL HARI,

       Plaintiff,

   v.

JOEL SMITH, *et al*.,

       Defendants.


## **ACKNOWLEDGEMENT**


I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the case *Hari v. Smith, et al.*, 20-cv-01455 (ECT-TNL), and I agree to be bound by its terms.


Date:             _____


Name (printed):     _____


Signature:         _____

**EXHIBIT A**
**SAMPLE LOCAL RULE 5.6 GRID FOR CASES WITH U.S. MAGISTRATE JUDGE TONY N. LEUNG**

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

For documents with confidential information spanning more than one category, a separate entry should be used for each category of information. For example, a memorandum contains both confidential financial records and medical records:

| Docket No. | Description of Document | Relevant Page Numbers | Mark "X" in Applicable Column | | | Nonparty that Designated Doc. Confidential (If Any) | Reason Why Document Should Remain Sealed or Be Unsealed |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | | |
| 26 | Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment | 5, 8, 12-15, 23-25 | X | | | | Confidential financial information. |
| 26 | Unredacted memorandum of in support of XYZ, Inc.'s motion for summary judgment | 16-20, 26-27 | X | | | | Confidential medical records. |